

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. WR-85,140-01& WR-85,140-02

### EX PARTE JOSEPH EDWARD SPILLERS, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 12CR0829 & 12CR0828 IN THE 405TH DISTRICT COURT
### FROM GALVESTON COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled substance and burglary of a building and was sentenced to twenty-five and four years' imprisonment, respectively. The Fourteenth Court of Appeals affirmed his convictions. *Spillers v. State*, Nos. 14-13-00331-CR & 14-13-00332-CR (Tex. App.—Houston Aug. 20, 2014)(not designated for publication).

Applicant contends that an enhancement used for these cases was improper, therefore his

sentences are illegal. He also contends that counsel should have investigated the improper enhancement and challenged it both at trial and on direct appeal.

The second enhancement paragraph listed on both indictments treated a state jail felony as if it were a felony conviction to use as part of a habitual enhancement. This Court has held that using a state jail felony, even if the punishment for that offense had been enhanced, as if it were a felony conviction for enhancement purposes, is improper after the change in the Penal Code dated September 1, 2011. *Samaripas v. State*, 454 S.W.3d 1 (Tex. Crim. App. 2014). Applicant's sentences were therefore not properly enhanced.

Relief is granted. The punishments in Cause Nos. 12CR0829 & 12CR0828 in the 405th District Court of Galveston County are set aside, and Applicant is remanded to the custody of the Sheriff of Galveston to await new punishment hearings in these causes. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: June 15, 2016
Do not publish